## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LATROYA DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:12-cv-04143-TWT-AJB** |
| | : | |
| **SIGNIUS INVESTMENT CORP./** | : | |
| **ANSWERNET,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND NON-FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on Plaintiff LaTroya Davis' application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. For the following reasons, Plaintiff's application is **GRANTED**. Following a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concludes that Plaintiff's complaint should be **DISMISSED** as frivolous. Specifically, Plaintiff's claim of discrimination due to sexual orientation should be **DISMISSED WITH PREJUDICE**, and her claims of race-based discrimination and race-based hostile environment should be **DISMISSED WITHOUT PREJUDICE** subject to her filing an amended complaint on her race-based claims within twenty-one (21) days of the District Judge's Order adopting this Report and Recommendation.

## I.      Introduction

Plaintiff, proceeding *pro se*, seeks to file this civil action against Defendant Signius Investment Corp./Answernet for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, based on her sex and race. [Doc. 1-1 at 2]. The Court first considers Plaintiff's IFP application and then proceeds to determine whether all or part of Plaintiff's complaint is frivolous.

## II.     IFP Application

In her application to proceed IFP, Plaintiff reports that she receives $193 weekly in the form of unemployment payments. She reports no other monthly income. She reports that she has no cash and no money in a bank account. She reports no assets. She has a daughter, age 1, and a son, age 5, who rely on her for support. She lists her monthly expenses as follows: $600 for housing, $200 for utilities, $10 for laundry and dry cleaning, $100 for transportation, $80 for motor vehicle insurance, for a total of $990.[1]

The Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a

---

[1]      Though the expenses total $990, Plaintiff indicates the total is $1000, and she appears to have marked out an amount for food, replacing it with "$0."

person who submits an affidavit that includes a statement of all assets such prisoner[²] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).³ Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute

---

² Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997). The United States Court of Appeals for the Sixth Circuit has concluded that the use of the word "prisoner" here was a typographical error and that Congress intended to use the word "person" instead. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

³ In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

destitution, " 'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.' " *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

Here, because Plaintiff's monthly expenses exceed her monthly income, it is evident that she cannot afford the fees and costs associated with filing a lawsuit in this Court. For this reason, the undersigned **GRANTS** the application to proceed IFP for this proceeding only.

## III.   Frivolity Review

### A.      Legal Standard for Frivolity Review

Because the Court has determined that Plaintiff may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The

4

United States Supreme Court has recognized that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action *sua sponte* if it is frivolous or malicious. *See id.* A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Stringer v. Doe*, No. 12-10119, 2013 WL 163833, at *2 (11th Cir. Jan. 15, 2013); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "At the pleading stage, Fed. R. Civ. P. 8(a)(2) requires that 'the plain statement possess enough heft to show that the pleader is entitled to relief.' " *Williams v. Brown*,

5

347 Fed. Appx. 429, 434-35 (11th Cir. Sept. 10, 2009) (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)).   At the same time, a *pro se* complaint is liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).   Nevertheless, a court is under no duty to "re-write"a *pro se* plaintiff's complaint to find a claim.   *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing *pro se* pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### B.    Plaintiff's Complaint

Plaintiff's complaint consists of the "Title VII Complaint" form provided by the Clerk's Office and an attached letter from Plaintiff dated July 10, 2012, which is directed "to whom it may concern." [Doc. 1-1].  Plaintiff alleges that her employment was terminated because of her sex and race.  [Doc. 1-1 at 2].  Plaintiff further alleges

6

that her white, female general manager discriminated against her. [*Id.* at 3]. She does not indicate any relief that she is seeking from the Court. [*See id*. at 5].[4]

The attached letter describes the allegedly discriminatory activity. [*See id.* at 6-7]. In the letter, Plaintiff states, "I believe I was targeted because of my race and sex being that I am openly bisexual and not a gay or lesbian female." [*Id.* at 7].

On August 29, 2012, the EEOC issued a letter to Plaintiff notifying her that it was unable to conclude that the information it had obtained established discriminatory employment activity. [*Id*. at 9]. It also notified Plaintiff that she had the right to sue on her charge within ninety days of receipt of the notice. [*Id*.]. Plaintiff states that she received the letter September 4, 2012. [*Id*. at 4]. She filed her application to proceed IFP and her complaint on November 29, 2012. [Doc. 1 at 1; Doc. 1-1 at 1].

---

[4]      Plaintiff checked the class action box in Part VII of the civil cover sheet, and hand wrote in the amount of $100,000. [Doc. 1-1 at 16]. However, the civil cover sheet is not the complaint, and even given the Court's duty to liberally construe a *pro se* plaintiff's pleadings, allegations on the civil cover sheet are not part of the complaint. *See Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1078 (N.D. Iowa 2011) ("A civil cover sheet 'is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.' ") (quoting *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam)); *Crowe v. Lynch*, No. 08 cv 2171 JM (JMA), 2009 WL 250913, at *1 n.3 (S.D. Cal. Jan. 30, 2009) ("The court notes the Civil Cover Sheet does not form part of the Complaint. All Rule 8 requirements must be met through the Complaint itself."); Fed. R. Civ. P. 7 (defining pleadings to include, inter alia, complaint but not civil cover sheet). Thus, the Court ignores this entry on the civil cover sheet.

### C.    Title VII Legal Framework

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Generally, before filing a Title VII action, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (noting that the purpose of this exhaustion requirement is to allow the EEOC to have "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts"); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  Administrative exhaustion consists of two elements.  First, Title VII requires that the EEOC charge of discrimination be timely filed.  *Wilkerson*, 270 F.3d at 1317.  A charge of discrimination is timely in a non-deferral state such as Georgia when it is filed within 180 days of the last discriminatory act.  *Id.*; *see also* 42 U.S.C. § 2000e-5(e)(1). Second, the plaintiff must have raised in her EEOC charge the allegations of

8

discrimination she later sets forth in the judicial complaint. *See Gregory*, 355 F.3d at 1279-80 (providing that "the proper inquiry" is whether the "complaint was like or related to, or grew out of, the allegations contained in her EEOC charge"); *see also Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (holding that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination") (internal quotation and citation omitted).

A plaintiff asserting an employment discrimination claim can support her claim either by direct or circumstantial evidence. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). If direct evidence of intentional discrimination does not exist or is insufficient, a plaintiff may offer circumstantial evidence, using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 772 (11th Cir. Nov. 24, 2008) (citing *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998)).

> This framework requires the plaintiff to establish a *prima facie* case of discrimination, and then the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the employment action it took. The burden then shifts back to the plaintiff to demonstrate that the proffered reason was pretextual. The plaintiff can establish pretext by showing that the employer's non-discriminatory reason should not be believed, or, when considering all the evidence, that it is more likely that

AO 72A
(Rev.8/8
2)

the discriminatory reasons motivated the decision than the employer's proffered reasons.

*Lawver*, 300 Fed. Appx. at 772 (citations omitted).  A Title VII plaintiff does not need to establish a *prima facie* case of discrimination in her complaint, but rather need only lay out a short statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002) (holding that a plaintiff's complaint in a Title VII case need not contain specific facts sufficient to establish a *prima facie* case under *McDonnell Douglas*).  Nonetheless, *Swierkiewicz* "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (citing *Swierkiewicz*, 534 U.S. at 508 n.1).

### D.     Sufficiency of Plaintiff's Complaint

As an initial matter, the Court finds that Plaintiff properly exhausted Title VII's administrative remedies prior to filing her complaint, at least as to claims of race and sex discrimination.  Although she does not attach a copy of her EEOC charge, the letter from the EEOC accompanying her right to sue letter reflects that she filed her charge of discrimination thirty-four (34) days after her termination and asserted that she was

10

terminated because she is African-American and female.  The charge was filed within the statutory time period and disclosed the allegations Plaintiff later raised in her complaint.  Upon receiving notice of right to sue, Plaintiff then timely filed suit within the following ninety days.

The Court finds, however, that Plaintiff's complaint alleges frivolous claims under Title VII.  The letter attached to the complaint, which Plaintiff has provided in lieu of filling out item 8 of the Title VII form complaint,[5] indicates that Plaintiff was terminated for "abuse of power, not leading by example, use of cell phone during work hours and contributing to conflict."  [Doc. 1-1 at 6].  Plaintiff believes, however, that "the reason for my termination was a reflection of my race and sexual preference instead of the reasons listed on my separation notice."  [*Id.*].  Specifically, Plaintiff alleges that her manager is "an openly gay masculine female that does not care for males," and Plaintiff claims she was "a target" for the manager because Plaintiff is "openly bi-sexual and not a gay or lesbian female."  [*Id.* at 7].  Plaintiff's letter describes an incident resulting in a physical altercation at work that appears to have

---

[5]      Item 8 instructs a plaintiff to "[d]escribe the discriminatory actions or events you are complaining of in this lawsuit.  Give factual detail, including names and dates concerning what happened.  You do not need to refer to any statutes or cite law." [Doc. 1-1 at 3].

11

ultimately led to Plaintiff's termination. [*Id.*]. The incident occurred when Plaintiff was accused by her girlfriend (a fellow employee) of having an affair with a man (another fellow employee). [*Id.*].

First, Plaintiff has not raised plausible claims of sex discrimination to the extent her claim is based on her sexual orientation. Title VII does not protect employees from discrimination based on sexual orientation. *See Berry v. Bailey*, No. 4:11-cv-22, 2011 WL 1102826, *1 (S.D. Ga. Mar. 2, 2011) (R&R), *adopted by* 2011 WL 1042749 (S.D. Ga. Mar 22, 2011) (citing cases to support statement that "[c]ase law throughout the circuits consistently holds that Title VII provides no protection for discrimination based on sexual orientation"); *Anderson v. Napolitano*, No. 09-60744-CIV, 2010 WL 431898, at *4 (S.D. Fla. Feb. 8, 2010) ("The law is clear that Title VII does not prohibit discrimination based on sexual orientation."); *Mowery v. Escambia Cnty. Utils. Auth.*, No. 3:04CV382–RSEMT, 2006 WL 327965, at *9 (N.D. Fla. Feb. 10, 2006) ("[C]ase law throughout the circuits consistently holds that Title VII provides no protection for discrimination based on sexual orientation."); *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1315 (N.D. Ga. 2001) (explaining that "sexual orientation is not a classification protected under Title VII"); *see also Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001) ("Title VII does not prohibit

AO 72A
(Rev.8/8
2)

discrimination based on sexual orientation"). As a result, the undersigned **RECOMMENDS** that Plaintiff's claim of Title VII sex discrimination based on sexual orientation be **DISMISSED**.

On the other hand, it might be that Plaintiff intends to raise a claim under Title VII for gender stereotyping, which the Supreme Court states falls within Title VII's proscriptions. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-51 (1989) (plurality opinion) (holding that Title VII barred not just discrimination because of biological sex, but also gender stereotyping–failing to act and appear according to expectations defined by gender). *Cf. Glenn v. Brumby*, 663 F.3d 1312, 1316 (11th Cir. 2011) (holding that discriminating against someone on basis of his or her gender non-conformity constitutes sex-based discrimination under Equal Protection Clause). However, from Plaintiff's attached letter, it appears that Sherri Lewis was the person who held the gender-stereotyping animus against Plaintiff, and Plaintiff complains that Lewis was not fired. As a result, it is not clear that the actual alleged decisionmaker, Pamela Maroney-Moore, harbored the prohibited animus or whether Plaintiff is contending that Lewis's prohibited animus infected the decision to terminate Plaintiff. Therefore, the allegation does not comply with Rule 8's requirement of "short

13

and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).[6]  Therefore, the undersigned **RECOMMENDS** that Plaintiff's complaint for Title VII gender-based discrimination be **DISMISSED**.

As for her claim of race discrimination, Plaintiff has not alleged facts to support a claim that her termination was based on race; she merely asserts that as a result of the incident, three African-Americans were terminated, while the white supervisor, who Plaintiff contends was "the contributing factor" to the incident, was not terminated. [*See id.* at 6-7].  Plaintiff also mentions in passing that the events she describes are related to a "hostile environment," yet she has not alleged facts that support a claim of hostile work environment.  [*Id.* at 6].  Although a complaint need not provide detailed

---

[6]     It also is not clear that Plaintiff is attempting to bring a hostile work environment claim due to her sexual orientation, or if she is, whether she timely exhausted her administrative remedies as to such a charge.  The letter accompanying her right to sue letter only speaks in terms of administrative claims of being discharged due to sex and race discrimination, and in the Title VII form complaint, Plaintiff only checked the "Termination of my employment" box in response to question 4.  [Doc. 1-1 at 2].  However, in her letter narrative, Plaintiff refers to a "hostile environment" surrounding the June 19 incident, and although she specifically states the race of Ms. Lewis, in liberally construing Plaintiff's complaint, the Court cannot at this time conclude that Plaintiff is not attempting to raise a hostile work environment claim based on sexual harassment.  Assuming there is no administrative remedies exhaustion bar, and Plaintiff adequately amends her complaint, the Eleventh Circuit has recognized a hostile work environment claim where the harasser "harbors an impermissible discriminatory animus towards persons of the preferred gender."  *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1246 (11th Cir. 1998).

14

factual allegations, it must give sufficient factual allegations "to raise a right to relief above the speculative level," that is the complaint must give "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even given the liberal pleading standard of Rule 8(a) and the leniency afforded *pro se* complaints, the Court finds that the legal theories and factual contentions advanced by Plaintiff as to her race discrimination claim, and, to the extent she raised the claim in her administrative charge, race hostile work environment claim, lack an arguable basis. Thus, Plaintiff's complaint is frivolous. As a result, the undersigned **RECOMMENDS** that Plaintiff's race discrimination and race-based hostile environment claims be **DISMISSED**.

Moreover, Plaintiff has not requested relief from the Court. [*See generally* Doc. 1 and Doc. 1-1]. Rule 8 also requires that a plaintiff provide "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Here, however, Plaintiff has not requested any relief at all, much less shown that she is entitled to relief. Despite the liberal pleading standard of Rule 8, to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Twombly*, 550 U.S. at 559; *Goldsmith v. City of Ardmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *see also Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630

15

(S.D.N.Y. 2007) (plaintiff failed to satisfy Fed. R. Civ. P. 8(a)(3), which requires that a complaint contain "a demand for the relief sought"). Thus, Plaintiff's complaint is insufficient on this ground as well.

### E.     Opportunity to Amend the Pleadings

"Where it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Schmitt v. U.S. Office of Personnel Mgmt.*, 403 Fed. Appx. 460, 462 (11th Cir. Nov. 23, 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled on other grounds by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). "Dismissal with prejudice is proper, however, if . . . a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, 380 Fed. Appx. 904, 906 (11th Cir. May 27, 2010).

Therefore, if the District Court agrees with the undersigned's conclusions and adopts this R&R, the undersigned further **RECOMMENDS** that the District Court **DIRECT** Plaintiff to file an amended complaint within the twenty-one (21) days following the date of the District Court's Order, and in re-pleading her claims, Plaintiff be **DIRECTED** to file an amended complaint (denominated as such) complying with the following instructions:

16

(1) Provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs;

(2) Allege each cause of action under a separate count. The factual allegations listed under each count shall explain the basis for the accusation against the defendant. Under each count, in separately numbered paragraphs, Plaintiff shall provide the relevant facts including the approximate dates of significant relevant occurrences and the name and job title/position of the individual who took certain actions on behalf of the defendant that she believes are unlawful and entitle her to relief;

(3) Attach her EEOC charge of discrimination and notice of right to sue;

(4) Attach any other documents she believes are relevant to her claims; and

(5) Request relief that she seeks as well as an explanation of why she is entitled to such relief.

The undersigned further **RECOMMENDS** that Plaintiff be advised that if she fails to completely and timely comply with the terms of the District Court's Order, then her complaint will be dismissed.

## IV.   Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiff's application to proceed IFP. The Court **RECOMMENDS** that Plaintiff's complaint as to sexual

17

orientation discrimination be **DISMISSED WITH PREJUDICE** and that her other claims (racial discrimination and racial and sexual orientation hostile work environment) be **DISMISSED WITHOUT PREJUDICE** subject to Plaintiff's filing an amended complaint within twenty-one (21) days of the District Judge's adoption of this Report and Recommendation.

      **IT IS SO ORDERED and RECOMMENDED**, this  26th   day of February, 2013.

                          _____

                          **ALAN J. BAVERMAN**
                          **UNITED STATES MAGISTRATE JUDGE**

18